IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JAMES L. HALL,**
  Petitioner,

v.                Case No.  5:06cv30/RS/MD

**JAMES R. MCDONOUGH,**
  Respondent.
_____

## REPORT AND RECOMMENDATION

  Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed a motion to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Docs. 8 & 9, respectively).  Petitioner filed a reply in opposition to dismissal.  (Doc. 12).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is timely.  Therefore, respondent should be required to file an answer.

## BACKGROUND AND PROCEDURAL HISTORY

  On December 18, 2001 petitioner was convicted upon jury verdict of first degree murder (Count 1) and robbery with a firearm (Count 2) in the Circuit Court of Escambia County, Florida, case no. 92-4852.  (Doc. 9, exs. D & E).[1]  He was sentenced to life in prison on Count 1 and a consecutive sentence of ten years in

---

[1] Hereafter all references to exhibits will be to those provided at doc. 9 unless otherwise noted.

prison on Count 2.  (Ex. E).  On August 29, 2003 the Florida First District Court of Appeal ("First DCA") affirmed petitioner's convictions, but certified a question of great public importance to the Florida Supreme Court.  In addition, the appellate court vacated petitioner's sentence as to the first degree murder and remanded with instructions to correct the Judgment and Sentence to conform to the trial court's oral pronouncement of life in prison with no possibility of parole for 25 years, rather than life in prison with no possibility of parole.  *Hall v. State*, 853 So.2d 546 (Fla. 1st Dist. Ct. App. 2003) (copy at ex. F).  On October 16, 2003 the trial court issued an order correcting the Judgment and Sentence.  (Ex. G).  Thereafter, petitioner filed a Notice to Invoke the Discretionary Jurisdiction of the Florida Supreme Court.  (Ex. H).  On December 18, 2003 the Florida Supreme Court issued an order declining to exercise jurisdiction.  *Hall v. State*, 865 So.2d 480 (Fla. 2003) (Table) (copy at ex. I).  Petitioner did not seek review in the United States Supreme Court.

On January 13, 2005 petitioner filed a motion for post-conviction relief pursuant to FLA. R. CRIM. P. 3.850.  (Ex. J, pp. 1-9).  The trial court denied relief.  (*Id*., pp. 35-150).  On October 28, 2005 the First DCA affirmed the denial order without written opinion.  *Hall v. State*, 915 So.2d 1199 (Fla. 1st Dist. Ct. App. 2005) (Table) (copy at ex. L).  Petitioner filed a motion for rehearing, (ex. M), which the First DCA denied on December 1, 2005.  (Ex. N).

Petitioner filed the instant federal habeas petition on January 30, 2006.  (Doc. 1).

## DISCUSSION

Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  According to the tolling provision of § 2244(d), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation. . . ."  28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became "final" for purposes of § 2244 when the ninety-day period in which to seek certiorari from the United States Supreme Court expired. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); *Jackson v. Secretary for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002).  The parties agree that the ninety-day period ran from the date of the Florida Supreme Court's decision declining to accept jurisdiction.  *See* SUP. CT. R. 13.3;[2] *see also* doc. 8, p. 3; doc. 12, pp. 2-3.  As the date of the Florida Supreme Court's decision was December 18, 2003,

---

[2] Rule 13.3 provides that the period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion.

*Case No: 5:06cv30/RS/MD*

petitioner's judgment of conviction became "final" for purposes of § 2244 on March 17, 2004.

Calculating the time period from March 17, 2004, 300 days elapsed before petitioner filed his Rule 3.850 motion on January 13, 2005. The parties agree that the motion was pending from January 13, 2005 (the date it was filed) until December 1, 2005 (the date the First DCA issued its order denying rehearing). (Doc. 8, pp. 3-4; doc. 12, p. 3). As of December 1, 2005, petitioner had 65 days remaining on his one-year limitations period. After the passage of 60 days, he filed his federal habeas corpus petition in this court. Based on the foregoing, the court concludes that the instant petition is timely.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 8) be DENIED.

2. That respondent be directed to address the merits of the claims raised in petitioner's § 2254 petition or assert other procedural defenses within forty-five (45) days of the district court's order adopting this Report and Recommendation.

At Pensacola, Florida this 18th day of July, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).